# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **HENNY PATEL, an Individual,**<br><br>Plaintiff,<br><br>vs.<br><br>**SECURITAS SECURITY SERVICES USA, INC., CBRE, INC., and MICROSOFT CORPORATION,**<br><br>Defendants. | No. 1:26-cv-08250<br><br>Judge: Steven C. Seeger |

**DECLARATION OF CAITLIN BRUEMMER**

COMES NOW Caitlin Bruemmer, and, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a citizen of the United States, over 18 years of age, and competent to testify as to the matters contained in this Declaration.

1. I am employed as a Human Resources professional for Securitas Security Services USA, Inc. ("Securitas"). In my role, I am familiar with Securitas' onboarding procedures, employment records, and the process through which new employees receive and execute onboarding documents, including arbitration agreements.

2. This Declaration is based upon my personal knowledge, including knowledge developed through my role with Securitas, my review of records available to me as they are kept in the ordinary course of business, information obtained from other employees upon whom I regularly rely in the ordinary course of business, and my knowledge of Securitas' business practices.

3. Securitas is a security services company that provides on-site security, guarding, and related security solutions for commercial, industrial, governmental, and other customers

throughout the United States. Securitas is incorporated under the laws of Delaware and has its principal place of business in Parsippany, New Jersey.

4. Securitas conducts business and employs personnel throughout the United States. In connection with its operations, Securitas regularly utilizes interstate channels of communication, including email, telephone, mail, and internet-based systems. Securitas also maintains a website through which it advertises its services, recruits prospective employees, and accepts employment applications. In addition, Securitas provides services to customers located in multiple states and routinely purchases, receives, and exchanges goods and services across state lines.

5. The Plaintiff in this action, Henny Patel, began employment with Securitas as a Security Officer on December 28, 2022, and remained employed by Securitas until her separation on or about September 22, 2025.

6. Patel was assigned to work at a Microsoft site located at 2200 Lakewood Blvd, Hoffman Estates, IL 60192. The property where the site was located was managed by CBRE, Inc.

7. After receiving an offer of employment, and as part of Securitas's standard onboarding process, new hires are provided with a package of onboarding documents through an electronic document management platform, which at the time of Plaintiff's onboarding was HelloSign (now called Dropbox Sign).

8. New hires are informed that they will receive an email containing a unique link to access, review, and execute their onboarding documents. The email is sent to the email address used to apply for the position. New hires can review and execute the documents before their start date, or, if they do not complete the documents prior to their start date, they are given time to do so during their orientation. New hires have the opportunity to ask questions concerning any

onboarding document before signing. Each document is presented separately for review and execution. Once a document is electronically signed and completed through the platform, the document cannot be altered.

9. Securitas maintains electronic records generated through the onboarding platform, including audit trails reflecting when the unique link is accessed and when each document in the package is executed. These records are made at the time of the events they document and are maintained by Securitas as part of its regularly conducted business activities.

10. In the standard manner set forth above, and as part of her onboarding with Securitas, Ms. Patel received a unique link via email to patelhenny1996@gmail.com, the email address she used to apply for the position with Securitas.

11. Using the unique link, Ms. Patel accessed and executed various onboarding documents, including Securitas's Dispute Resolution Agreement ("Agreement"), which provides for mandatory individual arbitration of all employment-related disputes. A true and correct copy of the Agreement provided to Ms. Patel by Securitas is attached hereto as **Attachment 1**, and the Dispute Resolution Agreement Acknowledgment ("Agreement Acknowledgment") executed by Ms. Patel is attached hereto as **Attachment 2**.

12. An audit trail generated by the platform reflects Ms. Patel accessing the onboarding documents on December 24, 2022 beginning at 02:11:05 UTC.[1] The audit trail reflects that Ms. Patel electronically signed the Agreement Acknowledgment on December 24, 2022, at 02:11:52 UTC. A true and correct copy of the audit trail associated with Plaintiff's onboarding documents is attached as **Attachment 3**.

---

[1] HelloSign (now Dropbox Sign) logs signing events in Coordinated Universal Time (UTC). Converting the recorded timestamp to Central Standard Time reflects that Plaintiff accessed the onboarding documents beginning on December 23, 2022, at 8:11:05 p.m. CST.

13. Although the Agreement specifically gives the right to opt out arbitration and provides a procedure for doing so, Ms. Patel did not opt out. *See* Attach. 1, Agreement, at § 12; *see also* Attach. 2, Agreement Acknowledgment (referencing right to opt out).

14. Ms. Patel continued her employment with Securitas until her separation on or about September 22, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 10, 2026

*/s/* Caitlin Bruemmer
Caitlin Bruemmer

# ATTACHMENT 1

SECURITAS

# Dispute Resolution Agreement

## 1. Introduction

This Dispute Resolution Agreement (the "Agreement") is an **arbitration agreement** governed by the Federal Arbitration Act. Under the terms set forth below, and unless you choose to opt out of arbitration, both you (sometimes referred to as "Employee") and the Company mutually agree and thus are required to resolve covered claims either may have against the other by Arbitration instead of in a court of law.

## 2. How This Agreement Applies

This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and evidences a transaction involving commerce. This Agreement applies to any dispute arising out of or related to your employment with Securitas Security Services USA, Inc. or one of its affiliates, subsidiaries or parent companies ("Company") or termination of employment and survives after the employment relationship terminates. Nothing contained in this Agreement shall be construed to prevent or excuse you (individually or in concert with others) or the Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for using these procedures.

Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or before a forum other than arbitration. It requires all such disputes to be resolved only by an Arbitrator through final and binding arbitration and not by way of court or jury trial. Except as this Agreement otherwise provides, such disputes include, without limitation, disputes arising out of or relating to the interpretation or application of this Agreement, including disputes over the scope, enforceability, revocability, or validity of the Agreement, or any portion of the Agreement.

Except as it otherwise provides, this Agreement applies, without limitation, to disputes with any entity or individual arising out of or related to the application for employment, background checks, privacy, employment relationship or the termination of that relationship (including post-employment defamation or retaliation), contracts, trade secrets, unfair competition, compensation, classification, minimum wage, seating, expense reimbursement, overtime, breaks and rest periods, retaliation, discrimination, or harassment and claims arising under the Fair Credit Reporting Act, Defend Trade Secrets Act, Title VII of the Civil Rights Act of 1964 (except as otherwise limited and precluded by applicable law as set forth in Section 3 of this Agreement), 42 U.S.C. §1981, the Rehabilitation Act, the Civil Rights Acts of 1866 and 1871, the Civil Rights Act of 1991, the Pregnancy Discrimination Act, Equal Pay Act, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance), Affordable Care Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Older Workers Benefits Protection Act of 1990, Occupational Safety and Health Act, Consolidated Omnibus Budget Reconciliation Act of 1985, state statutes or regulations addressing the same or similar subject matters, and all other federal or state legal claims (including without limitation torts) arising out of or relating to Employee's employment or the termination of employment.

## 3. Limitations on How This Agreement Applies

Unless this Agreement expressly provides otherwise, this Agreement does not apply to court litigation or arbitration proceedings pending as of the date of your receipt of this Agreement. The Agreement does not apply to claims for workers compensation, state disability insurance, and unemployment insurance benefits.

Nothing in this Agreement prevents you from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission (www.eeoc.gov), U.S. Department of Labor (www.dol.gov), U.S. Securities and Exchange Commission (www.sec.gov),

National Labor Relations Board (www.nlrb.gov), or Office of Federal Contract Compliance Programs or the Office of Federal Contract Compliance Programs (www.dol.gov/esa/ofccp).

This Agreement does not apply to disputes arising during any period of time when you are covered by a collective bargaining agreement. In such cases, the terms of the collective bargaining agreement shall govern. This Agreement also does not prevent you from filing an unfair labor practice charge with the National Labor Relations Board (www.nlrb.gov). The Company will not retaliate against you for filing such a charge.

Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in arbitration. The Company will not retaliate against you for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act.

Disputes between the parties that may not be subject to a predispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) or as provided by an Act of Congress or lawful, enforceable Executive Order, are excluded from the coverage of this Agreement.

Subject to a judicial determination concerning the enforceability of Executive Order 13673, Fair Pay and Safe Workplaces, this Agreement does not require arbitration of disputes addressed by that Executive Order arising under Title VII of the Civil Rights Act of 1964 or any tort related to or arising out of sexual assault or harassment. Likewise, so long as Section 8116 of the Department of Defense Appropriations Act of 2010 (Pub. L. 111-118) or its successor statutes remains in effect, this Agreement does not require arbitration of claims under Title VII of the Civil Rights Act of 1964, or any tort related to, or arising out of, sexual assault,

harassment, including battery, intentional infliction of emotional distress, false imprisonment, or negligent hiring, supervision, or retention.

**4. Selecting the Arbitrator**

The Arbitrator shall be selected by mutual agreement of the Company and you. Unless you and Company mutually agree in writing otherwise, the Arbitrator shall be an attorney licensed to practice in the location where the arbitration proceeding will be conducted or a retired federal or state judicial officer who presided in the jurisdiction where the arbitration will be conducted. If for any reason the parties cannot agree to an Arbitrator, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted for appointment of a neutral Arbitrator. The court shall then appoint an Arbitrator, who shall act under this Agreement with the same force and effect as if the parties had selected the Arbitrator by mutual agreement. The location of the arbitration proceeding shall be no more than 45 miles from the place and in the same state where you last worked for the Company, unless each party to the arbitration agrees otherwise in writing.

**5. Starting the Arbitration Process**

To demand arbitration, either you or the Company must deliver a written demand by hand or first class mail to the other party within the applicable statute of limitations period. The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company shall be provided to the Company's Legal Department: Securitas USA, Legal Department, 4330 Park Terrace Drive, Westlake Village, CA, 91361. The Arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

**6. How Arbitration is Conducted**

In arbitration, the parties will have the right to conduct adequate civil discovery, bring dispositive motions, and present witnesses and evidence as needed to present their claims and defenses, and any disputes in this regard shall be resolved by the Arbitrator. A party, or at a party’s request the Arbitrator, may subpoena witnesses or documents for discovery purposes or for the arbitration

hearing.

## 7. Class and Collective Action Waiver

**Private attorney general representative actions under the California Labor Code are not arbitrable, not within the scope of this Agreement and may be maintained in a court of law.** However,

(a) There will be no right or authority for any dispute to be brought, heard or arbitrated as a class action ("Class Action Waiver"). The Class Action Waiver shall be severable from this Agreement in any case in which (1) the dispute is filed as a class action and (2) there is a final judicial determination that the Class Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the class action must be litigated in a civil court of competent jurisdiction.

(b) There will be no right or authority for any dispute to be brought, heard or arbitrated as a collective action ("Collective Action Waiver"). The Collective Action Waiver shall be severable from this Agreement in any case in which (1) the dispute is filed as a collective action and (2) there is a final judicial determination that the Collective Action Waiver is invalid, unenforceable, unconscionable, void or voidable. In such instances, the collective action must be litigated in a civil court of competent jurisdiction.

Notwithstanding any other clause contained in this Agreement, any claim in court or arbitration that all or part of the Class Action Waiver or Collective Action Waiver is invalid, unenforceable, unconscionable, void or voidable, may be determined only by a court and not by an Arbitrator.

## 8. No Retaliation for Challenging the Class or Collective Action Waiver

You will not be retaliated against, disciplined or threatened with discipline on account of your filing of or participation in a class or collective action in any forum. However, the Company reserves the right to lawfully seek enforcement of this Agreement and the Class Action Waiver and Collective Action Waiver under the Federal Arbitration Act and seek dismissal of such class or collective actions or claims.

## 9. Paying for the Arbitration

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. However, in all cases where required by law, the Company will pay the Arbitrator's and arbitration fees. If under applicable law the Company is not required to pay all of the Arbitrator's and/or arbitration fees, such fee(s) will be apportioned between the parties in accordance with said applicable law, and any disputes in that regard will be resolved by the Arbitrator.

## 10. The Arbitration Hearing and Award

The parties will arbitrate their dispute before the Arbitrator, who shall confer with the parties regarding the conduct of the hearing and resolve any disputes the parties may have in that regard. Within 30 days of the close of the arbitration hearing, any party will have the right to prepare, serve on the other party and file with the Arbitrator a brief. The Arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies shall be limited to those that would be available to a party in his or her individual capacity in a court of law for the claims presented to and decided by the Arbitrator, and no remedies that otherwise would be available to an individual in a court of law will be forfeited by virtue of this Agreement. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. Except as may be permitted or required by law, as determined by the Arbitrator, neither a party nor an Arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior written consent of all parties. A court of competent jurisdiction shall have the authority to enter a judgment upon the award made pursuant to the arbitration.

## 11. No Retaliation for Exercising Rights Under this Agreement

It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If you believe that you have been retaliated against by anyone at the Company, you should immediately report this to the Human Resources Department.

## 12. Your Right to Opt Out of Arbitration

**Arbitration is not a mandatory condition of your employment at the Company, and therefore you may notify the Company that you wish to opt out and not be subject to this Agreement.** If you want to opt out, you must call the following toll-free number 1-800-574-8637. In order to be effective, you must call the toll-free number **within 30 days of your receipt of this Agreement**, identify yourself to the Hotline operator and inform the operator that you want to opt out of this Agreement. If you opt out as provided in this paragraph, you will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement. If you do not opt out within 30 days of your receipt of this Agreement, continuing your employment constitutes mutual acceptance of the terms of this Agreement by you and the Company. You have the right to consult with counsel of your choice concerning this Agreement.

## 13. Enforcement of the Agreement

This Agreement, and any Addendum attached hereto, is the full and complete agreement relating to the formal resolution of employment related disputes. In the event any portion of this Agreement is deemed unenforceable, the remainder of this Agreement will be enforceable.

# ATTACHMENT 2

Securitas

## DISPUTE RESOLUTION AGREEMENT ACKNOWLEDGMENT

I have received a copy of the Securitas Security Services USA, Inc. (the "Company") Dispute Resolution Agreement (the "Agreement") and I have read and I understand all of the terms contained in the Agreement. I understand that, unless I opt out, employment or continued employment at the Company constitutes acceptance of this Agreement and its terms. I further acknowledge that, unless I opt out, the Company and I are mutually bound by this Agreement and its terms.

Caitlin Bruemmer / 12/23/2022

*Employer Representative Signature* — *Date*

patel, henny / 12/24/2022

*Employee Signature* — *Date*

Caitlin Bruemmer

*Employer Representative Printed Name*

Patel henny

*Employee Printed Name*

# ATTACHMENT 3

Dropbox Forms

# Audit Trail

| | |
|---|---|
| Workflow | North Central/Illinois |
| Transaction ID | kJZy6P8t2OsbOQgB |
| Forms | Criminal History Questions, DISPUTE RESOLUTION AGREEMENT ACKNOWLEDGMENT, CONSENT TO DRUG AND ALCOHOL SCREENING/TESTING, EMPLOYMENT APPLICATION EEO/AA ADDENDUM, Voluntary Self-Identification of Disability, Voluntary Self Identification of Disabled and/or Veteran Status, BENEFITS PACKET AND MEDICAL COVERAGE ACKNOWLEDGMENT FORM, Acceptable Usage and Electronic Communications Policy, ON-DUTY MEAL PERIOD AGREEMENT, BLOODBORNE PATHOGENS NOTIFICATION TO EMPLOYEES, EMPLOYEE CONTACT AND EMERGENCY INFORMATION, PAYROLL DEDUCTION CONSENT, TIMESHEET TRAINING ACKNOWLEDGMENT, PRODUCTIVE WORK ENVIRONMENT STATEMENT, SAFETY STATEMENT AND WORKPLACE VIOLENCE POLICY, EMPLOYEE HANDBOOK ACKNOWLEDGMENT, EQUIPMENT AGREEMENT, UNIFORM RECEIPT, UNIFORM MAINTENANCE ACKNOWLEDGMENT, ACCEPTABLE USAGE/HANDS FREE DRIVING/LMS USER ACCESS, EMPLOYMENT STANDARDS ACKNOWLEDGMENT, ETK Policy Non California, ETK Policy Non California Ack, MyConnect App Usage and Agreement to Contact for Open Posts |
| Participants | patel, henny (patelhenny1996@gmail.com), Caitlin Bruemmer (caitlin.bruemmer@securitasinc.com), Caitlin Bruemmer (caitlin.bruemmer@securitasinc.com) |
| Status | Completed |

## Timeline

| | | |
|---|---|---|
| LAUNCHED | 2022-12-14 22:03:46 UTC | Workflow Launched (api by IKz9gjsI9AJTiZGr)<br>IP: 130.35.17.146 |
| AUTHENTICATED | 2022-12-23 15:12:55 UTC | Participant Authenticated (caitlin.bruemmer@securitasinc.com)<br>IP: 136.226.81.14 |
| AUTHENTICATED | 2022-12-23 15:12:55 UTC | Participant Authenticated (caitlin.bruemmer@securitasinc.com)<br>IP: 104.47.1.254 |
| SIGNED | 2022-12-23 15:13:04 UTC | DISPUTE RESOLUTION AGREEMENT ACKNOWLEDGMENT was Signed by Caitlin Bruemmer (caitlin.bruemmer@securitasinc.com)<br>IP: 136.226.81.14 |
| AUTHENTICATED | 2022-12-24 02:11:05 UTC | Participant Authenticated (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:11:38 UTC | Criminal History Questions was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |

| | | |
|---|---|---|
| SIGNED | 2022-12-24<br>02:11:52 UTC | DISPUTE RESOLUTION AGREEMENT ACKNOWLEDGMENT was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24<br>02:11:57 UTC | CONSENT TO DRUG AND ALCOHOL SCREENING/TESTING was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24<br>02:15:02 UTC | Voluntary Self Identification of Disabled and/or Veteran Status was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24<br>02:15:06 UTC | BENEFITS PACKET AND MEDICAL COVERAGE ACKNOWLEDGMENT FORM was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24<br>02:15:16 UTC | Acceptable Usage and Electronic Communications Policy was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24<br>02:15:20 UTC | ON-DUTY MEAL PERIOD AGREEMENT was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24<br>02:15:28 UTC | BLOODBORNE PATHOGENS NOTIFICATION TO EMPLOYEES was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24<br>02:15:28 UTC | BLOODBORNE PATHOGENS NOTIFICATION TO EMPLOYEES was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24<br>02:17:51 UTC | EMPLOYEE CONTACT AND EMERGENCY INFORMATION was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24<br>02:17:56 UTC | PAYROLL DEDUCTION CONSENT was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |

| | | |
|---|---|---|
| SIGNED | 2022-12-24 02:18:00 UTC | TIMESHEET TRAINING ACKNOWLEDGMENT was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:18:05 UTC | PRODUCTIVE WORK ENVIRONMENT STATEMENT was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:18:11 UTC | SAFETY STATEMENT AND WORKPLACE VIOLENCE POLICY was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:18:19 UTC | EMPLOYEE HANDBOOK ACKNOWLEDGMENT was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:18:19 UTC | EMPLOYEE HANDBOOK ACKNOWLEDGMENT was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:18:24 UTC | EQUIPMENT AGREEMENT was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:18:27 UTC | UNIFORM RECEIPT was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:18:45 UTC | ACCEPTABLE USAGE/HANDS FREE DRIVING/LMS USER ACCESS was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:18:45 UTC | ACCEPTABLE USAGE/HANDS FREE DRIVING/LMS USER ACCESS was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:18:45 UTC | ACCEPTABLE USAGE/HANDS FREE DRIVING/LMS USER ACCESS was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:18:50 UTC | EMPLOYMENT STANDARDS ACKNOWLEDGMENT was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |

| | | |
|---|---|---|
| SIGNED | 2022-12-24 02:19:02 UTC | ETK Policy Non California Ack was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| SIGNED | 2022-12-24 02:19:06 UTC | MyConnect App Usage and Agreement to Contact for Open Posts was Signed by patel, henny (patelhenny1996@gmail.com)<br>IP: 12.188.6.117 |
| AUTHENTICATED | 2022-12-27 15:51:39 UTC | Participant Authenticated (caitlin.bruemmer@securitasinc.com)<br>IP: 104.47.1.254 |
| AUTHENTICATED | 2022-12-27 15:51:40 UTC | Participant Authenticated (caitlin.bruemmer@securitasinc.com)<br>IP: 165.225.62.104 |
| SIGNED | 2022-12-27 15:52:16 UTC | TIMESHEET TRAINING ACKNOWLEDGMENT was Signed by Caitlin Bruemmer (caitlin.bruemmer@securitasinc.com)<br>IP: 165.225.62.104 |
| SIGNED | 2022-12-27 15:52:18 UTC | EMPLOYEE HANDBOOK ACKNOWLEDGMENT was Signed by Caitlin Bruemmer (caitlin.bruemmer@securitasinc.com)<br>IP: 165.225.62.104 |
| SIGNED | 2022-12-27 15:52:20 UTC | UNIFORM MAINTENANCE ACKNOWLEDGMENT was Signed by Caitlin Bruemmer (caitlin.bruemmer@securitasinc.com)<br>IP: 165.225.62.104 |
| COMPLETED | 2022-12-27 15:52:21 UTC | Workflow Completed |

## Security hashes

Criminal History Questions
*55b3e124b350eb97a42e999e510cd5ccc3d5eacace2aa1f3324d34f9e85c5486*
DISPUTE RESOLUTION AGREEMENT ACKNOWLEDGMENT
*bb1219cc64245e97140f85fedaeb53d1ea8ac990c57fc3a5a274e056d0016dac*
CONSENT TO DRUG AND ALCOHOL SCREENING/TESTING
*67111a2c326a28557a65caa086a4bb96591ba5eaf7931f40f7dd0d6801408203*
EMPLOYMENT APPLICATION EEO/AA ADDENDUM
*fe66a2172ef6bf48c803919e40594b3bfa4edbda51686e968741da569144e5cf*
Voluntary Self-Identification of Disability
*a6471cf5a3b6f063c1974f659fb716162109bf8a311f99f84e2ea06ff899ddca*
Voluntary Self Identification of Disabled and/or Veteran Status
*b3f3776ba2a7f06076b3d41072226340e1f7197eed0e42278c8a928708b78d1c*
BENEFITS PACKET AND MEDICAL COVERAGE ACKNOWLEDGMENT FORM
*86cbd83a81236558812d3b53bc88de3bf83bc198d4f95e0bb63bd82262f00a16*
Acceptable Usage and Electronic Communications Policy
*b66acd225c7b06d10f45135a0419e29f740e19d364887807e8889f47efeb8f7a*

ON-DUTY MEAL PERIOD AGREEMENT
*d333d8c95b8d45c0bb684bfd08508bb11bfb42847a65bf9074f63473189ccc04*
BLOODBORNE PATHOGENS NOTIFICATION TO EMPLOYEES
*ff812fa909d0a6a851be76243e6ba52bf935f879ba8b6be7c95fa99510b0bb4f*
EMPLOYEE CONTACT AND EMERGENCY INFORMATION
*a1d66bce2ac3140efd9c8af094903844b5d41a3c92eba83580ce08b68470c21e*
PAYROLL DEDUCTION CONSENT
*197179f5d59137e71c5fe241bb00a8d3f5254292bc50f9fec341e66a966d7515*
TIMESHEET TRAINING ACKNOWLEDGMENT
*60bbca28f954e584f5381a253a13f2c7a2876f27a71544c8ab3a698e18fea23c*
PRODUCTIVE WORK ENVIRONMENT STATEMENT
*8208c428cf75429cb36435616121ebece29184b6896bda1835c5e94ab0317572*
SAFETY STATEMENT AND WORKPLACE VIOLENCE POLICY
*087cd8e3dcad920655effa3d4cac2ab1faaff98a2f09a905061a7aa306fee4bb*
EMPLOYEE HANDBOOK ACKNOWLEDGMENT
*dc48ddc1efba1ef52386b7eb60d07dfed94025a15be9550e42f8a8f9ce0c094e*
EQUIPMENT AGREEMENT
*6c3ad75ca1eeda5dfa0e493d1f5c8dd4325a59627966c32144a066d6136ca480*
UNIFORM RECEIPT
*61385264f6d1708aef9142e545d0f738085aab1a4cc2d54e2b951072766f4181*
UNIFORM MAINTENANCE ACKNOWLEDGMENT
*7e361793bb124cfc984f34bb8f0d6c200a81c335ca96d2c1e0eb35a4292e6077*
ACCEPTABLE USAGE/HANDS FREE DRIVING/LMS USER ACCESS
*4625a1dfe9a29f523f1323745b8394dac05e4f407983602f428a2e5ad892eced*
EMPLOYMENT STANDARDS ACKNOWLEDGMENT
*74322d6135a0879ddcb82aea024675b4d5b83f468b0b0c726df436bd28c035a2*
ETK Policy Non California
*126bb7a7f69e751886d7cd35e0129eddc8c4461994713cd801b11e359c3b9b7a*
ETK Policy Non California Ack
*5007c7edbca0917bfaf20a646f7af96dd5bfa099f99d5996b22d983f40495464*
MyConnect App Usage and Agreement to Contact for Open Posts
*9a718cba6952740ff127bea25325b7278beebc000924aef8f41895f2b8d53a37*